UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME TALLEY,<br><br>               Plaintiff,<br><br>   v.<br><br>GINA NAJOLIA,<br><br>              Defendant. | CASE NO. 3:15-CV-05707-RJB-JRC<br><br>ORDER ON RECUSAL<br><br>NOTED FOR: |

      The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

      Plaintiff Jerome Talley filed a proposed 42 U.S.C. § 1983 complaint. Dkt. 1. Plaintiff did not pay the filing fee or file an application for leave to proceed *in forma pauperis* (IFP). *See* Dkt. 3. Plaintiff has over fifteen § 1983 cases pending before this Court. In addition to the present case, the undersigned has been referred six other cases filed by plaintiff. *See Talley v. Houser,* Case No. 15-5668 (W.D. Wash.); *Talley v. Olson,* Case No. 15-5609 (W.D. Wash.); *Talley v. Strombom et al.,* Case No. 15-5775 (W.D. Wash.); *Talley v. Sias,* Case No. 15-5501 (W.D. Wash), *Talley v. Strombom et al.,* Case No. 15-5777 (W.D. Wash.), *Talley v. Suko,* Case No. 15-

5619 (W.D. Wash.). A report and recommendation remains pending in *Talley v. Olson,* Case No. 15-5609 (W.D. Wash.).

On September 24, 2015, Senior District Judge Lonny R. Suko entered an order denying plaintiff's application to proceed IFP in *Talley v. Sias, et al.*, 3:15-cv-5501-LRS (W.D. Wash.) because plaintiff incurred at least three "strikes" prior to initiating the lawsuit. Judge Suko also denied the applications to proceed IFP in *Talley v. Congalton, et al.*, 3:15-cv-5534-LRS (W.D. Wash.) and *Talley v. Creatura*, 3:15-cv-5585-LRS (W.D. Wash.) because plaintiff has incurred at least three "strikes."

## DISCUSSION

As an initial matter, the Court notes that the undersigned entered orders voluntarily recusing himself from two cases in which plaintiff has named the undersigned as a defendant. *See Talley v. Strombom et al.,* Case No. 15-5777 (W.D. Wash.); *Talley v. Strombom et al.,* Case No. 15-5775 (W.D. Wash.) (*citing* 28 U.S.C. § 455(b)(5)(i) (where a judge is named as a defendant in a proceeding to which the judge is assigned, federal law requires the judge to disqualify himself in the proceeding)).

The Court also notes that plaintiff has named the undersigned as a defendant in two other lawsuits where the undersigned has not been assigned to the case. *See Talley v. Creatura,* Case No. 15-cv-5585-LRS (W.D. Wash.) and *Talley v. Creatura et al.,* Case No. 15-cv-5755-BHS. The undersigned has not been served in either case. A report and recommendation remains pending in Case No. 15-cv-5755-BHS. Plaintiff's application to proceed IFP in Case No. 15-cv-5585 was denied on September 24, 2015 and plaintiff's complaint was dismissed on November 4, 2015. *See* Case No. 15-cv-5855, Dkts. 8, 18, 19. The case was closed on the same date. *See id.*

In the instant case, plaintiff has not named the undersigned as a defendant. Nonetheless, a judge shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned" or in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *See* 28 U.S.C. §§ 455(a) and (b)(1). The Ninth Circuit has explained that courts applying § 455(a) must determine "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Court for Central Dist. of California,* 428 F.3d 1175, 1178 (9th Cir. 2005). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Id.* The standard "means a well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." *Id.* (internal quotation marks omitted). Although plaintiff's complaint does not name the undersigned in this matter, because a reasonable person could perceive a risk of bias by the undersigned in adjudicating the merits of this case based on the fact that plaintiff named the undersigned in four other lawsuits, the undersigned voluntarily recuses himself from this action.

The Court notes that because plaintiff has not filed a motion to recuse, the undersigned does not refer the motion to the chief judge pursuant to Local Rule 3(e). The Clerk is ordered to reassign the case.

Dated this 9th day of November.

J. Richard Creatura
United States Magistrate Judge